People v Pierre (2020 NY Slip Op 07407)





People v Pierre


2020 NY Slip Op 07407


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-02505

[*1]People of State of New York, respondent,
v
David Pierre, appellant. Janet E. Sabel, New York, NY (Susan Epstein of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Joyce Slevin, and Coby Ballard of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated February 15, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The People established, by clear and convincing evidence as required by Correction Law § 168-n(3), that the defendant was a presumptive risk level two offender based upon a total risk factor score of 80 points. The Supreme Court was not bound by the recommendation of the Board of Examiners of Sex Offenders which did not assess points under risk factors 3 and 7 (see People v Gillotti, 23 NY3d 841, 860).
We agree with the Supreme Court's determination denying the defendant's application for a downward departure from his presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to sustain his burden of proof in support of his application for a downward departure as the mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or did not tend to establish a lower likelihood of reoffense or danger to the community to warrant a downward departure (see People v Baker, 181 AD3d 908, 909; People v Hanes, 180 AD3d 1082, 1083; People v Hamdam, 178 AD3d 1098, 1099).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court