People v Baker (2020 NY Slip Op 02066)





People v Baker


2020 NY Slip Op 02066


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2018-11819

[*1]People of State of New York, respondent, 
v
Winston Baker, appellant.


Paul Skip Laisure, New York, NY (Jonathan Schoepp-Wong of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Katherine A. Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Gia Morris, J.), dated September 12, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of promoting a sexual performance by a child. On the same day, the defendant also was convicted, upon his plea of guilty, of endangering the welfare of a child, which arose from a prior incident of sexual misconduct with a young cousin. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 90 points, which included 10 points under risk factor 2 (sexual contact with victim), 30 points under risk factor 3 (number of victims), and 20 points under risk factor 7 (relationship with victim). The court then granted the People's request for an upward departure and denied the defendant's request for a downward departure, and designated the defendant a level three sex offender. The defendant appeals.
In establishing a defendant's risk level under SORA, the People bear the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (see People v Pettigrew, 14 NY3d 406, 408; People v Guadeloupe, 173 AD3d 910, 911).
We agree with the Supreme Court's determination to assess 30 points under risk factor 3 (number of victims) and 20 points under risk factor 7 (relationship with victim) (see People v Gillotti, 23 NY3d 841, 860; People v Johnson, 11 NY3d 416, 421; People v Rivas, 173 AD3d 786, 787). However, the court should not have assessed 10 points under risk factor 2 (sexual contact with victim). "The Board [of Examiners of Sex Offenders] Guidelines make it clear the [risk assessment instrument] scoring is predicated upon consideration of an offender's current offense,' which clearly relates to the SORA qualifying offense and not necessarily other offenses that a defendant may have committed" (People v Reid, 141 AD3d 156, 159; see People v Hoffman, 62 AD3d 976, 976; People v Vasquez, 49 AD3d 1282, 1283; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]). Here, the qualifying offense for triggering the SORA registration process was the defendant's conviction of promoting a sexual performance by a child, [*2]which did not involve sexual contact with the victims. Although the defendant also was convicted of endangering the welfare of a child based upon his improper sexual conduct against his cousin, the offense was not a qualifying offense under SORA and his cousin was not associated with the qualifying offense. Accordingly, deducting those points, the defendant should have been assessed 80 points, placing him, presumptively, at level two.
Contrary to the defendant's contentions, the Supreme Court providently exercised its discretion in granting the People's request for an upward departure and denying the defendant's request for a downward departure. Specifically, an upward departure to risk level three was warranted based on aggravating factors, which the People established by clear and convincing evidence (see People v Bowen, 175 AD3d 516, 517; People v Colsrud, 155 AD3d 1601, 1602; People v Wheeler, 144 AD3d 1341, 1342). Although in some cases involving offenders who possessed child pornography, the assessment of points under risk factors 3 and 7 may result in an overassessment of an offender's risk to public safety (see People v Gillotti, 23 NY3d at 860; People v Johnson, 11 NY3d at 421), a downward departure is not warranted under the circumstances of this case (see People v Goldman, 150 AD3d 905, 907; People v Rossano, 140 AD3d 1042, 1043). The defendant was found in possession of over 1,600 images of child pornography, including images of children as young as two years old being subjected to oral and anal penetration. The other factors asserted by the defendant in support of his request for a downward departure either were not appropriate mitigating circumstances or were outweighed by the aggravating factors (see People v Gillotti, 23 NY3d at 861; People v Scales, 134 AD3d 790, 791; People v Wyatt, 89 AD3d 112, 128).
Accordingly, we agree with the Supreme Court's determination to designate the defendant a level three sex offender.
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court