People v Worrell (2020 NY Slip Op 02631)





People v Worrell


2020 NY Slip Op 02631


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-12149

[*1]People of State of New York, respondent, 
v
Ekins Worrell, appellant.


Janet E. Sabel, New York, NY (Rachel L. Pecker of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Josette Simmons of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (James P. Griffin, J.), dated October 14, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of promoting a sexual performance by a child (two counts). After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court designated the defendant a level two sex offender.
Contrary to the defendant's contention, the Supreme Court properly assessed 30 points under risk factor 3 (number of victims) and 20 points under risk factor 7 (relationship with victim) based upon the evidence that he possessed a large number of images and videos depicting various children who were strangers to him (see People v Gillotti, 23 NY3d 841; People v Johnson, 11 NY3d 416).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant's contention that certain factors warrant a downward departure from his presumptive risk level is unpreserved for appellate review because he did not raise those [*2]grounds at the SORA hearing (see People v Bigelow, 175 AD3d 1443, 1444; People v Mosqueda, 172 AD3d 1412, 1413; People v Cuspert, 172 AD3d 1255, 1256). In any event, even considering the unpreserved factors with those preserved, the defendant was not entitled to a downward departure (see People v Bigelow, 175 AD3d at 1444; People v Cuspert, 172 AD3d at 1256). Accordingly, we agree with the Supreme Court's determination to deny the defendant's application for a downward departure from his presumptive level two risk designation.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court