People v Soto (2020 NY Slip Op 03930)





People v Soto


2020 NY Slip Op 03930


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-00431

[*1]People of State of New York, respondent,
v
Luis Soto, appellant.


Robert DiDio, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Steven Paynter, J.), dated December 14, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant appeals from an order designating him a level two sex offender in this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), arguing that the Supreme Court erroneously assessed points against him under certain risk factors and denied his request for a downward departure.
The defendant's argument that the Supreme Court improperly treated the assessment of points against him under risk factors 3 and 7 as mandatory is unpreserved for appellate review (see CPL 470.05[2]; People v Butler, 157 AD3d 727, 730) and, in any event, without merit. Moreover, we agree with the court's assessment of points against the defendant under those risk factors based upon the particular circumstances of his conviction for possessing child pornography (see People v Gillotti, 23 NY3d 841, 854-855; People v Johnson, 11 NY3d 416, 420).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also SORA: Risk Assessment Guidelines and Commentary at 4-5 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). Here, the defendant failed to identify any mitigating factors not otherwise adequately taken into account by the Guidelines, and the denial of his request for a downward departure therefore was appropriate (see People v Taylor, 137 AD3d 1099; People v Reede, 113 AD3d 663, 664).
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court