People v Kopstein (2020 NY Slip Op 04602)





People v Kopstein


2020 NY Slip Op 04602


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-13690

[*1]People of State of New York, respondent,
v
David Kopstein, appellant. Maher & Pittell, LLP, Bayside, NY (Jeffrey G. Pittell of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Victoria Randall and Eddie Cando on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Gene Lopez, J.), dated September 11, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in federal court, upon his plea of guilty, of possession of child pornography (18 USC 2252A[a][5][B]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 80 points, including 30 points under risk factor 3 (number of victims), 30 points under risk factor 5 (age of victims), and 20 points under risk factor 7 (victims were strangers), resulting in a presumptive risk level two designation. The court granted the People's application for an upward departure, denied the defendant's application for a downward departure, and designated the defendant a level three sex offender.
"At a SORA hearing, the People must prove the facts to support a SORA risk-level classification by clear and convincing evidence" (People v Howard, 27 NY3d 337, 341; see Correction Law § 168-n[3]; People v Mingo, 12 NY3d 563, 571). Here, contrary to the defendant's contention, the People established by clear and convincing evidence that at least one of the victims was 10 years old or less at the time of the offense, such that the defendant should be assessed 30 points under risk factor 5, rather than only being assessed 20 points under that risk factor based on a victim being 11 through 16 years of age (see People v Mingo, 12 NY3d at 571-572; People v Crandall, 90 AD3d 628, 629). The presentence investigation report reflects that a probation officer viewed a selection of the defendant's child pornography files and observed that the images were of female children between the ages of 9 and 13 years old. This evidence was corroborated by information in the case summary prepared by the Board of Examiners of Sex Offenders. We also agree with the Supreme Court's determination to assess the defendant points under risk factors 3 and 7 (see People v Gillotti, 23 NY3d 841; People v Johnson, 11 NY3d 416).
Moreover, we agree with the Supreme Court's determination to grant the People's application for an upward departure from the defendant's presumptive risk level. "An upward departure from the presumptive risk level is permitted only if the court determines, upon clear and [*2]convincing evidence, that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] [G]uidelines" (People v Amorin, 164 AD3d 1483, 1483 [citation and internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). Here, the People established, by clear and convincing evidence, the existence of aggravating factors warranting an upward departure from the defendant's presumptive risk level, including the substantial number of images of child pornography the defendant possessed over the course of approximately six years (see People v Clark, 169 AD3d 836; People v Paul, 168 AD3d 1004, 1005).
Further, we agree with the Supreme Court's determination denying the defendant's application for a downward departure from the presumptive risk level (see People v Gillotti, 23 NY3d 841). The defendant failed to prove the existence of an appropriate mitigating factor by a preponderance of evidence (see People v Pendleton, 112 AD3d 600, 601; People v Wyatt, 89 AD3d 112).
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court