People v Bolan (2020 NY Slip Op 04880)





People v Bolan


2020 NY Slip Op 04880


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-06855

[*1]People of State of New York, respondent,
v
John Bolan, appellant.


Ronald S. Nir, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher Bae of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Gia L. Morris, J.), dated May 12, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA),the defendant was designated a level two sex offender based upon the assessment of a total of 80 points. On appeal, the defendant challenges the assessment of points under risk factor 7 (relationship with victim) and argues that the Supreme Court erred in denying his request for a downward departure.
We agree with the Supreme Court's assessment of points under risk factor 7. The court properly assessed the defendant 20 points under that risk factor, as the People established, and the defendant admitted, that the images possessed by the defendant depicted children who were strangers to him (see People v Gillotti, 23 NY3d 841, 859-860; People v Young, 152 AD3d 628).
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure from his presumptive risk level. Although in some cases involving offenders who possessed child pornography, the assessment of points under risk factor 7 might result in an overassessment of a defendant's risk to the community, a downward departure is not warranted under the circumstances here (see People v Gillotti, 23 NY3d at 861; People v Goldman, 150 AD3d 905, 907; People v Rossano, 140 AD3d 1042, 1043). In light of the nature and number of the images found to have been possessed by the defendant, a downward departure is not warranted.
Accordingly, we agree with the Supreme Court's determination designating the defendant a level two sex offender.
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court