People v Smith (2020 NY Slip Op 06160)





People v Smith


2020 NY Slip Op 06160


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-03336

[*1]People of State of New York, respondent,
v
Robert Smith, appellant. Paul Skip Laisure, New York, NY (Dina Zloczower of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated January 24, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in federal court, upon his plea of guilty, of possession of child pornography. In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), the Supreme Court, after a hearing, designated the defendant a level two sex offender based upon the assessment of a total of 95 points. On appeal, the defendant challenges the assessment of points under risk factor 3 (number of victims) and risk factor 7 (relationship with victims), and alternatively argues that the court erred in denying his request for a downward departure.
We agree with the Supreme Court's assessment of points under risk factors 3 and 7, since the People established by clear and convincing evidence that the child pornography possessed by the defendant depicted the images of far more than three child victims, and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Bolan, _____ AD3d _____, 2020 NY Slip Op 04880 [2d Dept]; People v Benton, 185 AD3d 1103, 1104-1105; People v Worrell, 183 AD3d 602, 603; People v Waldman, 178 AD3d 1107).
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure from the risk level commensurate with the points assigned by the Supreme Court. Although in some cases involving offenders who possessed child pornography, the assessment of points under risk factors 3 and 7 might result in an overassessment of the risk a defendant poses to the community, a downward departure is not warranted under the circumstances here (see People v Gillotti, 23 NY3d at 861), since the defendant failed to prove the existence of an appropriate mitigating factor by a preponderance of the evidence (see People v Kopstein, 186 AD3d 757, 759; People v Disla, 186 AD3d 755, 756; People v Soto, 185 AD3d 843, 844). In any event, the length of time the defendant had been viewing child pornography, the number of images and video files he possessed, the sadism, masochism, and violence depicted therein, and the defendant's sharing of that material with others, all militated against a downward departure (see People v Bolan, [*2]_____ AD3d _____, 2020 NY Slip Op 04880; People v Henry, 182 AD3d 939, 940-941; People v Baker, 181 AD3d 908, 909; People v Landa, 179 AD3d 432).
The defendant's remaining contentions are either unpreserved for appellate review or without merit.
Accordingly, we agree with the Supreme Court's determination designating the defendant a level two sex offender pursuant to Correction Law article 6-C.
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court