People v Lorca (2020 NY Slip Op 07605)





People v Lorca


2020 NY Slip Op 07605


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-08605

[*1]People of State of New York, respondent,
v
Robert Lorca, appellant. Janet E. Sabel, New York, NY (Lorraine Maddalo of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (William Miller, J.), dated May 22, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level two sex offender (see Correction Law § 168-n). On appeal, the defendant challenges the assessment of points under risk factors 3 and 7, and argues that the court erred in denying his request for a downward departure.
We agree with the Supreme Court's determination to assess 30 points under risk factor 3 (number of victims) and 20 points under risk factor 7 (relationship with victim) based upon the evidence that he possessed a large number of images and videos depicting various children who were strangers to him (see People v Worrell, 183 AD3d 602, 603; see also People v Gillotti, 23 NY3d 841, 860).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish his entitlement to a downward departure from the presumptive risk level.
Accordingly, we agree with the Supreme Court's determination designating the defendant a level two sex offender.
RIVERA, J.P., BARROS, CONNOLLY, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court