People v Morales (2021 NY Slip Op 08267)





People v Morales


2021 NY Slip Op 08267


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-06404

[*1]People of State of New York, respondent,
v
Ali Morales, appellant. Randall D. Unger, Kew Gardens, NY, for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Eunice Villantoy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Stephanie Zaro, J.), dated July 13, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), the Supreme Court, after a hearing, designated the defendant a level two sex offender based upon the assessment of a total of 90 points. On appeal, the defendant challenges the assessment of points under risk factor 3 (number of victims) and risk factor 7 (relationship with victims), and alternatively argues, in effect, that the court should have granted his request for a downward departure.
Contrary to the defendant's contention, the Supreme Court properly assessed points under risk factors 3 and 7, since the People established by clear and convincing evidence that the child pornography possessed by the defendant depicted images of more than three child victims, and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Smith, 187 AD3d 1228, 1229; People v Bolan, 186 AD3d 1273, 1274; People v Benton, 185 AD3d 1103, 1104-1105; People v Worrell, 183 AD3d 602, 603).
The defendant failed to establish his entitlement to a downward departure. "Although in some cases involving offenders who possessed child pornography, the assessment of points under risk factors 3 and 7 might result in an overassessment of the risk a defendant poses to the community" (People v Smith, 187 AD3d at 1229; see People v Gillotti, 23 NY3d at 861), here, the defendant failed to prove, by a preponderance of the evidence, the existence of an appropriate mitigating factor relating to the particular circumstances of his possession of child pornography that would warrant a downward departure (see People v Smith, 187 AD3d at 1229; People v Bolan, 186 AD3d at 1274; People v Benton, 185 AD3d at 1105).
The defendant's remaining contentions are not properly before this Court.
Accordingly, the Supreme Court properly designated the defendant a level two sex [*2]offender.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court