People v Butler (2021 NY Slip Op 02833)





People v Butler


2021 NY Slip Op 02833


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-06165

[*1]People of State of New York, respondent,
v
Will Butler, appellant.


N. Scott Banks, Hempstead, NY (Tammy Feman and Dori Cohen of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Rebecca L. Abensur and Andrew Fukuda of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J), rendered May 16, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of promoting the sexual performance of a child. At a hearing to determine his level of risk pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the People moved for an upward departure from the defendant's presumptive level one risk designation. The Supreme Court granted the upward departure and designated the defendant a level two sex offender.
Where, as here, the People meet their burden of proving, by clear and convincing evidence, the existence of an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the SORA Guidelines (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]), the court must then "exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d 841, 861; see People v Green, _____ AD3d _____, 2021 NY Slip Op 08265 [2d Dept]). Here, when properly weighed, the totality of the circumstances presented to the hearing court, which included, inter alia, the amount and nature of material possessed by the defendant as well as certain mitigating facts asserted by the defendant, supported an upward departure to avoid an underassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Kopstein, 186 AD3d 757, 758; People v Baker, 181 AD3d 908, 909). Accordingly, the defendant was properly designated a level two sex offender.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court