People v Clark (2021 NY Slip Op 04725)





People v Clark


2021 NY Slip Op 04725


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2021-00224

[*1]People of State of New York, respondent,
v
Ronald Clark, appellant.


Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Lorrie A. Zinno on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Steven W. Paynter, J.), dated December 8, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed.
The defendant was convicted, inter alia, of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, assault in the second degree, unlawful imprisonment in the second degree, and criminal possession of a weapon in the fourth degree. In or about November 2020, at age 53, the defendant was paroled after 28 years of imprisonment. Prior to a hearing to determine the defendant's level of risk pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Board of Examiners of Sex Offenders prepared a risk assessment instrument assessing the defendant with 50 points, including 15 points under risk factor 1 for inflicting physical injury. At the hearing, the People moved for an assessment of 15 additional points under risk factor 1, which would still place the defendant within the range of a presumptive level one sex offender. The People also moved for an upward departure from the presumptive level one risk designation. The Supreme Court assessed the defendant with 65 points, granted the upward departure, and designated the defendant a level two sex offender.
The Supreme Court properly assessed 15 additional points under risk factor 1 (for use of violence, armed with a dangerous instrument). The evidence demonstrated that during the time that the defendant committed the subject sex offenses, a codefendant was brandishing a pellet gun and that the defendant threatened to permit that codefendant to injure or kill the victim. Contrary to the defendant's contention, the People did not have to establish that the gun was loaded and operable for it to qualify as a dangerous instrument within the context of a SORA proceeding (see People v Pettigrew, 14 NY3d 406, 409; People v Fuhrtz, 180 AD3d 944).
Moreover, where the People meet their burden of proving, by clear and convincing evidence, the existence of an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the SORA Guidelines, the court must then "exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's [*2]dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d 841, 861; see SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). Here, in light of the brutality of the defendant's conduct in his commission of the underlying crimes, including the prolonged nature of the incident during which the defendant would not allow the victim to leave the location for several hours, repeatedly sexually assaulted the victim during that time period, threatened to permit an armed codefendant to injure the victim, and manipulated the victim into thinking he would save her and then, instead, again sexually assaulted her and permitted others to simultaneously sexually assault her, we agree with the Supreme Court's determination that there were aggravating factors not adequately taken into account by the Guidelines (see People v Kopstein, 186 AD3d 757, 758; People v Baker, 181 AD3d 908, 909; People v Sandy, 173 AD3d 915; People v Soevyn, 116 AD3d 684; People v Henry, 91 AD3d 927). Further, we agree with the Supreme Court's determination, after weighing the aggravating and mitigating factors, that the totality of the circumstances warranted a departure to avoid an under-assessment of the defendant's dangerousness and risk of sexual recidivism.
The defendant's remaining contention is without merit.
Accordingly, the defendant was properly designated a level two sex offender.
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court