People v Gable (2022 NY Slip Op 00446)





People v Gable


2022 NY Slip Op 00446


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-07677

[*1]The People of the State of New York, respondent,
v
Jacob Gable, appellant.


Laurette D. Mulry, Central Islip, NY (Anju M. Alexander of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated June 21, 2019, which, after a hearing, designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court, after a hearing, designated the defendant a level two sex offender.
Contrary to the defendant's contention, the County Court providently exercised its discretion in denying his request for a downward departure. Although in some cases involving offenders who possessed child pornography, the assessment of points under risk factor 7 might result in an overassessment of the risk a defendant poses to the community (see People v Smith, 187 AD3d 1228, 1229; People v Goldman, 150 AD3d 905, 907; see also People v Gillotti, 23 NY3d 841, 860; People v Johnson, 11 NY3d 416, 421), here, the defendant failed to identify and prove, by a preponderance of the evidence, the existence of an appropriate mitigating factor that would warrant a downward departure (see People v Morales, 192 AD3d 930; People v Smith, 187 AD3d at 1229; see also People v Gillotti, 23 NY3d at 861).
Accordingly, the County Court properly designated the defendant a level two sex offender.
BARROS, J.P., CONNOLLY, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court