People v Kyaw Aung (2022 NY Slip Op 01053)





People v Kyaw Aung


2022 NY Slip Op 01053


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2017-13473

[*1]The People of the State of New York, respondent, 
v
Kyaw Aung, appellant.


Janet E. Sabel, New York, NY (Angie Louie and Whitney A. Robinson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen Abbot, and Candi Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Gia L. Morris, J.), dated December 6, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the defendant was designated a level two sex offender following his conviction of possessing a sexual performance by a child. On appeal, the defendant challenges the assessment of points under risk factors 3 (number of victims) and 7 (relationship with victim) and alternatively argues that the Supreme Court erred in denying his request for a downward departure.
The Supreme Court properly assessed points under risk factors 3 and 7. The People established by clear and convincing evidence that the images possessed by the defendant depicted far more than three child victims, and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Carman, 194 AD3d 760, 762; People v Waldman, 178 AD3d 1107; People v Rivas, 173 AD3d 786, 787; People v Reuter, 140 AD3d 1143; People v Morel-Baca, 127 AD3d 833). Although it has been recognized that the assessment of points under risk factors 3 and 7 may result in an overassessment of the risk posed to the community by certain offenders whose crime was the possession of images of child sexual abuse (see People v Gillotti, 23 NY3d at 861; People v Smith, 187 AD3d 1228, 1229), here, there was no overassessment and a downward departure is not warranted (see People v Rivas, 173 AD3d at 787; People v Smith, 187 AD3d at 1229).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
BARROS, J.P., BRATHWAITE NELSON, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court