People v Williams (2022 NY Slip Op 04653)

People v Williams

2022 NY Slip Op 04653

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2020-03756

[*1]The People of the State of New York, respondent,
v
Derne Williams, appellant. Patricia Pazner, New York, NY (Melissa Lee of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Elise Bonine of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated March 11, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty in federal court to distribution of child pornography in violation of 18 USC § 2252(a)(2). After a hearing pursuant to the Sex Offender Registration Act (Correction Law article 6-C), the Supreme Court designated the defendant a level two sex offender. The defendant appeals, arguing that the court should have granted his application for a downward departure to a level one risk designation.
The Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure. Although in some child pornography cases, the assessment of points under risk factors 3 and 7 can result in an overassessment of a defendant's risk to public safety (see People v Gillotti, 23 NY3d 841, 858-860; People v Johnson, 11 NY3d 416, 421), a downward departure is not warranted under the totality of the circumstances presented in this case (see People v Smith, 187 AD3d 1228; People v Baker, 181 AD3d 908, 909). While those circumstances included some mitigating facts, the defendant's risk level designation did not constitute an overassessment of his risk in light of the nature of the images he possessed, some of which involved infants and toddlers, his admitted preference for images depicting especially violent conduct against children, and his statement to an individual in an internet chat room, which suggested an inclination to commit a contact sex offense.
Accordingly, we affirm the order designating the defendant a level two sex offender.
DILLON, J.P., IANNACCI, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court