People v Capuano (2022 NY Slip Op 07083)

People v Capuano

2022 NY Slip Op 07083

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2019-09731

[*1]The People of the State of New York, respondent,
v
John Capuano, appellant.

Patricia Pazner, New York, NY (Paris C. DeYoung and Ava Page of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, Kamephis Perez, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated July 17, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in federal court, upon his plea of guilty, of transportation of child pornography in violation of 18 USC § 2252(a)(1). In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court, after a hearing, designated the defendant a level two sex offender based upon the assessment of a total of 80 points. On appeal, the defendant argues that the court erred in denying his request for a downward departure.
Although it has been recognized that the assessment of points under risk factors 3 (number of victims) and 7 (relationship with victim) may result in an overassessment of the risk posed to the community by certain offenders whose crime was the possession of images of child sexual abuse (see People v Gillotti, 23 NY3d 841, 861; People v Smith, 187 AD3d 1228, 1229), here, there was no overassessment and a downward departure was not warranted (see People v Kyaw Aung, 202 AD3d 1005, 1006; People v Smith, 187 AD3d at 1229; People v Rivas, 173 AD3d 786, 787).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court