People v Despot (2023 NY Slip Op 03023)

People v Despot

2023 NY Slip Op 03023

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-06174

[*1]The People of the State of New York, respondent,
v
Meshach Despot, appellant. Joseph F. DeFelice, Kew Gardens, NY, for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel; Christopher M. Ciccolini on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Steven W. Paynter, J.), dated August 10, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant entered a plea of guilty in federal court to receipt of child pornography (see 18 USC § 2252[a][2]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court designated the defendant a level two sex offender. On appeal, the defendant challenges the court's assessment of points under risk factor 3 (number of victims) and risk factor 7 (relationship with victims), and, alternatively, argues that the court improperly denied his request for a downward departure from the presumptive risk level.
The Supreme Court properly assessed the defendant points under risk factors 3 and 7, since the People established by clear and convincing evidence that the material possessed by the defendant depicted the images of far more than three child victims, and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Negron, 202 AD3d 1113; People v Smith, 187 AD3d 1228, 1229).
The Supreme Court also properly denied the defendant's application for a downward departure. Although in some child pornography cases the assessment of points under risk factors 3 and 7 can result in an overassessment of a defendant's level of risk (see People v Gillotti, 23 NY3d at 858-860; People v Johnson, 11 NY3d 416, 421), a downward departure was not warranted under the totality of the circumstances presented in this case (see People v Smith, 187 AD3d 1228; People v Baker, 181 AD3d 908, 909). While those circumstances included some mitigating facts, the defendant's risk level designation did not constitute an overassessment of his risk in light of the number and nature of the images he possessed, and the long duration of his conduct (see People v Smith, 187 AD3d at 1229; People v Baker, 181 AD3d at 909; People v Rossano, 140 AD3d 1042, 1043).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
BARROS, J.P., IANNACCI, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court