People v Grief (2024 NY Slip Op 00439)

People v Grief

2024 NY Slip Op 00439

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-02896

[*1]The People of the State of New York, respondent,
v
Christopher Grief, appellant.

Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Pilar O'Rourke and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated March 25, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant entered a plea of guilty in federal court to receipt of child pornography (see 18 USC § 2252[a][2]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court, inter alia, assessed the defendant a total of 80 points under the risk assessment instrument, applied an automatic override to a presumptive risk level three designation based upon the defendant's diagnoses of multiple paraphilias, including pedophilic disorder, denied the defendant's request for a downward departure, and designated him a level three sex offender. The defendant appeals.
The County Court properly assessed the defendant points under risk factors 3 and 7, since the People established by clear and convincing evidence that the material possessed by the defendant depicted the images of far more than three child victims and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Despot, 217 AD3d 690, 690-691; People v Negron, 202 AD3d 1113). Moreover, the court properly assessed 30 points under risk factor 5, as the record demonstrates that the defendant possessed pornographic images displaying children 10 years old or younger (see People v Barry, 213 AD3d 779, 779-780; People v Kopstein, 186 AD3d 757, 758).
The Guidelines contain four overrides that automatically result in a presumptive risk level three designation (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006] [hereinafter Guidelines]). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Lobello, 123 AD3d 993, 994; see Correction Law § 168-n[3]; People v Strong, 196 AD3d 707, 708).
Contrary to the defendant's contention, the People established by clear and convincing evidence the applicability of the fourth override, namely, that there has been "a clinical assessment that the [defendant] has a psychological, physical, or organic abnormality that decreases his ability to control impulsive sexual behavior" (Guidelines at 4). The defendant was diagnosed [*2]with pedophilic disorder, and accordingly, an override to a level three designation was appropriate (see People v Strong, 196 AD3d at 708-709; People v Long, 129 AD3d 687, 688).
Contrary to the defendant's further contention, the County Court did not err in denying his request for a downward departure from the presumptive risk level (see People v Johnson, 11 NY3d 416, 422; People v Abdullah, 210 AD3d 704; People v Wolm, 209 AD3d 682, 684; People v Sofo, 168 AD3d 891, 892; see also People v Champagne, 140 AD3d 719, 720). A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Felton, 175 AD3d 734, 735; People v Alvarado, 173 AD3d 909, 910; People v Champagne, 140 AD3d at 720).
Here, the defendant failed to establish by a preponderance of the evidence that a downward departure was warranted. Although in some child pornography cases, the assessment of points under risk factors 3 and 7 can result in an overassessment of a defendant's level of risk (see People v Gillotti, 23 NY3d at 858-860; People v Johnson, 11 NY3d at 421), a downward departure was not warranted under the totality of the circumstances presented in this case (see People v Smith, 187 AD3d 1228; People v Baker, 181 AD3d 908, 909). Here, the defendant's risk level designation did not constitute an overassessment of his risk in light of the number and nature of the images he possessed and the long duration of his conduct (see People v Smith, 187 AD3d at 1229; People v Baker, 181 AD3d at 909; People v Rossano, 140 AD3d 1042, 1043). Moreover, the defendant's expected lifetime supervision was adequately taken into account by the Guidelines (see People v Infantino, 215 AD3d 768, 771; People v Johnson, 174 AD3d 752, 753).
Accordingly, the County Court properly designated the defendant a level three sex offender.
In light of our determination, we need not reach the defendant's remaining contention.
DILLON, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court