People v Leone (2024 NY Slip Op 01566)

People v Leone

2024 NY Slip Op 01566

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-10282

[*1]The People of the State of New York, respondent, 
v
Adam Leone, appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Rosalind C. Gray and Lauren Tan of counsel), for respondent.
Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated November 4, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant entered a plea of guilty in federal court to possession of child pornography involving prepubescent minors (see 18 USC § 2252A[a][5][B]; [b][2]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court designated the defendant a level two sex offender. On appeal, the defendant challenges the court's assessment of points under risk factor 3 (number of victims) and risk factor 7 (relationship with victim), and, alternatively, argues that the court improperly denied his application for a downward departure from the presumptive risk level.
The County Court properly assessed the defendant points under risk factors 3 and 7, since the People established by clear and convincing evidence that the material possessed by the defendant depicted the images of more than three child victims, and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Despot, 217 AD3d 690, 690-691). While, as the defendant asserts, the Board of Examiners of Sex Offenders did not recommend assessing the defendant these points, the court "is required by statute to apply the Guidelines in determining whether to accept that recommendation or reject it in favor of alternative findings based on the evidence adduced at the hearing" (People v Rodriguez, 196 AD3d 43, 48; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006] [hereinafter Guidelines]; Correction Law § 168-n[2], [3]; People v Gillotti, 23 NY3d at 852). As the Court of Appeals has explained, "the plain language of the [G]uidelines . . . authorize the scoring of points under factors 3 and 7 against child pornography offenders" (People v Gillotti, 23 NY3d at 859; see People v Johnson, 11 NY3d 416, 420-421).
The County Court also properly denied the defendant's application for a downward departure. Although in some child pornography cases the assessment of points under risk factors 3 and 7 can result in an overassessment of a defendant's level of risk (see People v Gillotti, 23 NY3d at 858-860; People v Johnson, 11 NY3d at 421), a downward departure was not warranted under the totality of the circumstances presented in this case, including the number and nature of the images [*2]the defendant possessed, the long duration of his conduct, and his conduct of communicating over the internet with an individual whom he believed to be a 16-year-old girl, which suggested an inclination to commit a contact sex offense (see People v Despot, 217 AD3d at 691; People v Williams, 207 AD3d 670; People v Smith, 187 AD3d 1228, 1229). Since the defendant failed to meet his burden of establishing the existence of any other appropriate mitigating factors, the defendant was properly designated a level two sex offender.
IANNACCI, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court