People v Benchocron (2024 NY Slip Op 01941)

People v Benchocron

2024 NY Slip Op 01941

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2017-01250

[*1]The People of the State of New York, respondent, 
v
Raul Benchocron, appellant.

Twyla Carter, New York, NY (David Billingsley of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Avery Burke on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Dorothy K. Chin Brandt, J.), dated December 16, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of possessing a sexual performance by a child (Penal Law § 263.16). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court designated the defendant a level two sex offender. On appeal, the defendant challenges the court's assessment of 30 points under risk factor 3 (number of victims) and 20 points under risk factor 7 (relationship with victims) and, alternatively, contends that the court improperly denied his request for a downward departure from the presumptive risk level.
The Supreme Court properly assessed the defendant points under risk factors 3 and 7, since the People established by clear and convincing evidence that the material possessed by the defendant depicted images of far more than three child victims, and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Negron, 202 AD3d 1113; People v Smith, 187 AD3d 1228, 1229).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Khan, 182 AD3d 613, 614; see People v Gillotti, 23 NY3d at 861).
Here, the Supreme Court properly denied the defendant's application for a downward [*2]departure. Although in some child pornography cases the assessment of points under risk factors 3 and 7 can result in an overassessment of a defendant's level of risk (see People v Gillotti, 23 NY3d at 860; People v Johnson, 11 NY3d 416, 421), a downward departure was not warranted under the totality of the circumstances presented in this case as there was no overassessment (see People v Capuano, 211 AD3d 860, 860-861; People v Kyaw Aung, 202 AD3d 1005, 1006; People v Rivas, 173 AD3d 786, 787).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
The defendant's remaining contention is without merit (see People v Tisman, 116 AD3d 1018).
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court