People v Allen (2026 NY Slip Op 01807)

People v Allen

2026 NY Slip Op 01807

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-03038

[*1]The People of the State of New York, respondent, 
vPaul Allen, appellant. Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Kerriann Kelly and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated April 4, 2024, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of promoting a sexual performance by a child (Penal Law § 263.15). After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant 110 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level three sex offender. The defendant appeals.
The County Court correctly assessed the defendant points under risk factors 3 and 7, since the People established by clear and convincing evidence that the child pornography possessed by the defendant depicted the images of more than three child victims and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Mierisch, 239 AD3d 776, 777).
Further, the County Court properly denied the defendant's application for a downward departure. Although in some cases involving offenders who possess child pornography, the assessment of points under risk factors 3 and 7 may result in an overassessment of a defendant's risk to public safety (see People v Gillotti, 23 NY3d at 860-861; People v Johnson, 11 NY3d 416, 421), given, inter alia, the number and nature of the images possessed by the defendant, a downward departure was not warranted under the circumstances presented (see People v Smith, 187 AD3d 1228, 1229; People v Baker, 181 AD3d 908, 909).
Additionally, although advanced age can constitute a basis for a downward departure (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]), here, other than conclusory assertions that his age constituted an appropriate mitigating factor, the defendant failed to establish how his age at the time of the SORA hearing, 67 years old, minimized his risk of reoffense (see People v Cangiano, 234 AD3d 885, 886; People v Pareja-Hidalgo, 222 AD3d 892, 894). The defendant likewise failed to establish by a preponderance of the evidence that his history of trauma and abuse constituted an appropriate mitigating factor that established a lower [*2]likelihood of reoffense or danger to the community.
DILLON, J.P., CHAMBERS, WAN and LOVE, JJ., concur.

2024-03038 DECISION & ORDER ON MOTION
People of State of New York, respondent, v Paul
Allen, appellant.
Appeal from an order of the County Court, Suffolk County, dated April 4, 2024. Motion by the appellant to strike stated portions of the respondent's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated November 24, 2025, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the submission of the appeal, it is
ORDERED that the motion to strike stated portions of the respondent's brief is granted, and the following portions of the respondent's brief are stricken and have not been considered in the determination of the appeal: (1) the paragraph beginning on page 2 and continuing on page 3; (2) the first full paragraph on page 3 and the last line of page 3; (3) on page 4, the sentence beginning with "Accordingly" and ending with "class D felonies"; and (4) the paragraph beginning at the bottom of page 4 and continuing on page 5.
DILLON, J.P., CHAMBERS, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court