■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE ASCHER, Appellant. [965 NYS2d 54]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered February 18, 2011, convicting defendant, upon his plea of guilty, of possessing a sexual performance by a child, and sentencing him to 10 years' probation, unanimously affirmed. Order, same court and Justice, entered on February 18, 2011, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously reversed, as a matter of discretion in the interest of justice, without costs, and the matter remanded for a de novo risk level determination.

Defendant's level two adjudication turns on an assessment of points under risk factor seven for a "stranger" relationship to the child pornography victims. After defendant's adjudication, the Board of Examiners of Sex Offenders issued a June 1, 2012 position statement relating to child pornography offenders (*see People v Marrero*, 37 Misc 3d 429 [Sup Ct, NY County 2012]). As indicated by the position statement, scoring every child pornography case for a stranger relationship produces an anomalous result because the majority of offenders convicted of child pornography offenses will be scored the same even though there are vast differences among these types of offenders. The document states that it was intended to address the concerns expressed by the Court of Appeals in *People v Johnson* (11 NY3d 416, 420-421 [2008]) and to provide a more accurate determination of an offender's risk of recidivism and threat to public safety. In pertinent part, the statement sets forth a list of fac-

tors to be considered in child pornography cases in departing from the presumptive point score for a stranger relationship.

We conclude that it would be appropriate for defendant's risk level to be reevaluated in the light of this position statement. Since there is to be a new hearing and determination, we find it unnecessary to decide the procedural issues raised by defendant concerning his adjudication.

There is no basis for reversal of the judgment of conviction. Defendant's challenges to the indictment and grand jury proceedings, none of which fall within the limited exception to forfeiture contained in *People v Plunkett* (19 NY3d 400, 405-407 [2012]), are forfeited by his guilty plea (*see People v Hansen*, 95 NY2d 227, 230 [2000]), and are in any event unavailing. Concur—Friedman, J.P., Acosta, Moskowitz, Manzanet-Daniels and Clark, JJ.