THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH LABARBERA, Appellant. [37 NYS3d 2]—

Order, Supreme Court, New York County (Jill Konviser, J.),

entered on or about July 24, 2013, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs. Appeal from order, Supreme Court, New York County (Lewis Bart Stone, J.), entered on or about October 4, 2011, which adjudicated defendant a level two sex offender, unanimously dismissed, without costs, as academic.

The record supports the court's determination (41 Misc 3d 321 [Sup Ct, NY County 2013]), made after the 2013 de novo proceeding requested by defendant in his renewal motion based on the 2012 position statement of the Board of Examiners of Sex Offenders relating to child pornography offenders (see People v Ascher, 106 AD3d 448 [1st Dept 2013]). Initially, we note that points may be assigned under risk factors 3 (number of victims) and 7 (relationship with victim) to a child pornography offender despite the fact that the offender had no contact with the victims, and despite anything to the contrary in the Board's position statement (see People v Gillotti, 23 NY3d 841, 854-855 [2014]).

At the 2013 proceeding, the court properly exercised its discretion in denying defendant's request for a downward departure from level two, which was his presumptive risk level. The mitigating factors cited by defendant were either adequately taken into account by the risk assessment instrument or inadequately substantiated, and are in any event outweighed by aggravating factors, including the seriousness of the underlying offense (see e.g. People v Johnson, 136 AD3d 570 [1st Dept 2016]).

Moreover, rather than departing downwardly, the court providently granted the People's renewed request for an upward departure and correctly adjudicated defendant a level three offender. Clear and convincing evidence established the presence of egregious aggravating factors, demonstrating a risk of harm to children, that were not otherwise adequately taken into account by the risk assessment instrument, including newly identified factors specified in the position statement.

The record establishes that the 2013 hearing was an unlimited de novo proceeding, that it was treated by the court and parties as such, and that it resulted in a new order. Accordingly, we reject defendant's argument that the law of the case doctrine required the court to adhere to certain conclusions reached by the prior Justice at the 2011 proceeding. Concur—Friedman, J.P., Renwick, Andrias, Gische and Webber, JJ. ▮