■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TORY BELL, Appellant. [50 NYS3d 878]—

Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered May 13, 2014, convicting defendant, upon his plea of guilty, of promoting a sexual performance by a child as a sexually motivated felony, and sentencing him to a term of one year, unanimously modified, on the law, to reflect that defendant was sentenced to a definite term of one year, and otherwise affirmed. Order, Supreme Court, New York County (same court and Justice), entered on or about January 7, 2015, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The record supports the court's assessment of 30 and 20 points, respectively, under the risk factors for having three or more victims and being a stranger to the victim, based on defendant's viewing of over 80 images and videos of child pornography on his computer, despite the fact that defendant did not have any contact with the victims (*see People v Labarbera*, 140 AD3d 463, 464 [1st Dept 2016] *lv denied* 28 NY3d 902 [2016]).

The court properly exercised its discretion when it declined to grant a downward departure (*see People v Gillotti*, 23 NY3d 841 [2014]). Defendant did not demonstrate any mitigating factors not already taken into account in the risk assessment instrument that would warrant a downward departure, given the egregiousness of the underlying offense, which included not only the possession but the dissemination of child pornography.

The sentence should be modified to the extent indicated in order to effectuate the intent of the plea agreement, which provided that defendant would receive a one-year definite term

of incarceration. Concur—Sweeny, J.P., Acosta, Renwick, Moskowitz and Kahn, JJ.