■ The People of the State of New York, Respondent, v Timothy McVey, Appellant. [58 NYS3d 336]—

Order, Supreme Court, Bronx County (Efrain Alvarado, J.), entered on or about September 15, 2016, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly exercised its discretion in granting the People's request for an upward departure based on the egregiousness and extent of defendant's involvement with child pornography, which were not adequately accounted for in the risk assessment instrument, and which outweighed the mitigating factors cited by defendant (see People v Velasquez, 143 AD3d 583 [1st Dept 2016], lv denied 28 NY3d 914 [2017]). We reject defendant's argument that defendants in child pornography possession cases are inherently prejudiced by assessment under the Risk Assessment Instrument, and the upward or downward departure protocol (see People v Gillotti, 23 NY3d 841, 855 [2014]; People v Johnson, 11 NY3d 416, 420-421 [2008]). We also reject defendant's assertion that the court improperly failed to take into account the "totality of the circumstances" when weighing the aggravating and mitigating circumstances of defendant's case (see People v Gillotti, 23 NY3d at 861).

We have considered and rejected defendant's remaining arguments. Concur—Friedman, J.P., Webber, Gesmer and Kern, JJ.