People v Malena (2020 NY Slip Op 05163)





People v Malena


2020 NY Slip Op 05163


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Ind No. 99090/16 Appeal No. 11871 Case No. 2017-2670 

Before: Friedman, J.P., Mazzarelli, Kern, Kennedy, JJ. 


[*1]The People of the State of New York, Respondent,
v
Yuli Malena, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Nancy E. Little of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about April 7, 2017, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The record supports the court's discretionary upward departure, based on clear and convincing evidence establishing the existence of aggravating factors not adequately accounted for by the risk assessment instrument (see People v Gillotti, 23 NY3d 841 [2014]). Fifteen hours' worth of video files of child pornography were found on defendant's computer; several of the video files had titles referencing rape and incest; and the nature of one of the video files was excessively graphic. The risk assessment instrument did not adequately account for these aggravating factors, which justified the court's provident exercise of discretion to upwardly depart to a level two risk designation (see People v Almonte, 175 AD3d 1203 [1st Dept 2019]).
The mitigating factors cited by defendant, such as his strong work ethic, continued family support, lack of criminal record, and enrollment in sex offender treatment and therapy were either adequately taken into account by the risk assessment instrument or outweighed by the substantiated aggravating factors (see e.g. People v McVey, 151 AD3d 637, 637 [1st Dept 2017]; People v Zaire, 123 AD3d 641 [1st Dept 2014], lv denied 25 NY3d 903 [2015]).
We have considered and rejected defendant's remaining arguments. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020