People v Gonzalez (2020 NY Slip Op 07468)





People v Gonzalez


2020 NY Slip Op 07468


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, Shulman, JJ. 


SCI No. 99008/18 Appeal No. 12605 Case No. 2018-2719 

[*1]The People of the State of New York, Respondent,
v
Luis Gonzalez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Camila Hsu of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Felicia A. Yancey of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about May 4, 2018, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the adjudication to level one, and otherwise affirmed, without costs.
This is the type of case involving a sex offender convicted of possessing child pornography where the technically correct assessment of points under risk factors three (multiple victims) and seven (stranger-type relationship) constitutes an overassessment of defendant's actual risk of recidivism under all the circumstances. The evidence strongly supports defendant's contention that he poses a low risk of reoffense, and none of the evidence supports the contention that he poses a moderate one. Accordingly, we find that a downward departure to level one is appropriate.
"One of the legislature's principal goals in enacting SORA was to protect the public from the danger of recidivism posed by sex offenders" (People v Cook, 29 NY3d 121, 125 [2017]. Thus, there are three levels of sex offenders. Level one designations shall be given "[i]f the risk of repeat offense is low" (Correction Law § 168-l[6][a]).
Here, the Board of Examiners of Sex Offenders recommended that defendant, who was convicted of a federal crime, be adjudicated a level one offender and that he receive a score of 30 based on the age of the victims depicted in the child pornography possessed by defendant. The record also establishes by a preponderance of the evidence that defendant's case was at the very low end of the spectrum for a child pornography offender and that he was very unlikely to reoffend, Nevertheless, the court did not accept the Board's recommendation, and upon the People's application, scored defendant an additional 50 points based on factors three and seven, because more than three victims were depicted and because defendant did not know the victims. This placed defendant's point score at 80, rendering him a presumptive level two offender, and the court declined to grant a downward departure.
In People v Gillotti (23 NY3d 841 [2014]), the Court of Appeals upheld the application of scoring under factors three and seven to child pornography, but cautioned that such scoring "may overestimate the risk of reoffense and danger to the public posed by quite a few child pornography offenders" (id. at 860). The Gillotti court recommended that SORA courts "give particularly strong consideration to the possibility that adjudicating the offender in accordance with the guidelines point score and without departing downward might lead to an excessive level of registration" (id.). The Court of Appeals raised similar concerns in People v Johnson (11 NY3d 416, 421 [2007]), in which the court held that defendants who felt that the application of factor seven led to unjust results had as their [*2]remedy the right to request a downward departure at the SORA proceeding. In 2012, the Board issued a Scoring of Child Pornography Cases Position Statement, which noted that indiscriminate scoring under factors three and seven in such cases could produce anomalous results "as the majority of offenders convicted of child pornography offenses will be scored the same when there are clearly vast differences amongst these types of offenders."
In this case, a preponderance of the evidence established that scoring under factors three and seven overassessed the risk posed by defendant, and that he should receive a downward departure (see Gillotti, 23 NY3d at 863-64). As the transcript of the federal plea proceeding makes clear, the federal prosecutor characterized defendant's case as being on the very low end of the child pornography possession spectrum and did not contest a nonincarceratory disposition notwithstanding that the federal guidelines recommended a sentence of 33 to 41 months. The federal district court provided a long explanation on the record of why defendant was deserving of a nonincarceratory disposition, including his lifetime of hard work, his dedication to family, the many character letters provided, and the limited time period in which defendant was actually viewing child pornography. The Probation Department also recommended a nonincarceratory disposition in its presentencing report. An independent psychological evaluation of defendant found no cognitive impairment or compulsion that would suggest that defendant was likely to reoffend. In sum, this is the kind of case that Gillotti envisioned warranting a downward departure in order to avoid overassessing risk by rote application of factors three and seven.
This case is distinguishable from the many child pornography possession cases in which this Court has affirmed the denial of downward departure applications. This was not a case in which defendant possessed a large amount of child pornography (compare People v Malena, 186 AD3d 1175 [1st Dept 2020]; People v Almonte, 175 AD3d 1203 [1st Dept 2019]). Defendant possessed about 150 images, and, by the time a search warrant was executed, he possessed only three videos and had erased the other images, which had to be recovered from defendant's deleted files (compare People v Landa, 179 AD3d 432 [1st Dept 2020], lv denied 35 NY3d 903 [2020]). Defendant did not disseminate the images that he possessed (compare People v Bell, 149 AD3d 666 [1st Dept 2017], lv denied 29 NY3d 916 [2017]). The evaluating psychologist found that defendant's risk of reoffense was "incredibly low" and that defendant was unlikely to access child pornography again (compare Landa, 179 AD3d at 432; People v Velasquez, 143 AD3d 583 [1st Dept 2016], lv denied 28 NY3d 914 [2017]). Defendant also had no criminal history (compare People v McCalla, 157 AD3d 559 [1st Dept 2018]; People v McVey, 151 AD3d 637 [1st Dept 2017]). In sum, defendant's case is one in [*3]which there is a strong basis for a downward departure to correct the overassessment of defendant's risk of recidivism that results from scoring under factors three and seven.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020