People v Negron (2022 NY Slip Op 01188)





People v Negron


2022 NY Slip Op 01188


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2018-09315

[*1]The People of the State of New York, respondent,
v
Manuel Negron, appellant. 


Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel; Catherine Costagliola on the brief), for respondent.
Janet E. Sabel, New York, NY (Will A. Page of counsel), for appellant.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Alexander Jeong, J.), dated July 2, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in Kings County of promoting a sexual performance by a child and in Richmond County of attempted sexual abuse in the first degree. For the purpose of assessing the defendant's level of risk under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), one risk assessment instrument (hereinafter RAI) was presented to the SORA hearing court, covering both offenses (see People v Cook, 29 NY3d 114). The points total on the RAI presumptively placed the defendant in a risk level two category. The defendant sought a downward departure. The Supreme Court declined to downwardly depart, and designated the defendant a level two sex offender.
Contrary to the defendant's contention, by proffering the defendant's own statements regarding the child pornography he had viewed and demonstrating that the defendant had searched for such images on the internet, the People proved by clear and convincing evidence that the assessment of points were warranted under risk factors 3 (number of victims) and 7 (relationship with victim).
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by [the] Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Bigelow, 175 AD3d 1443).
Here, the defendant failed to demonstrate, by a preponderance of the evidence, that his age at the time of the SORA hearing constituted an appropriate mitigating factor (see People v Porciello, 193 AD3d 993; People v Rivas, 185 AD3d 740). The defendant further failed to demonstrate that he had an exceptional response to sex offender treatment (see People v Santiago, 137 AD3d 762, 764; People v Watson, 95 AD3d 978, 979). Moreover, in light of the fact that the defendant committed a contact sex offense after his arrest for promoting a sexual performance by a child, a downward departure was not warranted on the basis that the assessment of points under risk factors 3 and 7, pertaining to the child pornography offense, led to an overassessment of his level of risk (see People v Gillotti, 23 NY3d at 858). The remaining mitigating factors cited by the defendant in support of his application were adequately taken into account under the Guidelines (see id.), or did not warrant a downward departure from the presumptive risk level.
DUFFY, J.P., IANNACCI, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court