People v Feliciano (2022 NY Slip Op 03409)





People v Feliciano


2022 NY Slip Op 03409


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SHERI S. ROMAN
LARA J. GENOVESI, JJ.


2018-03338

[*1]The People of the State of New York, respondent,
v
William Feliciano, appellant. Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Rachel Raimondi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Miriam Cyrulnik, J.), dated December 15, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
Here, the defendant identified an appropriate mitigating factor, his success in his sex offender and substance abuse treatment programs, that could provide a basis for a discretionary downward departure since "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Guidelines at 17; see People v Rodriguez, 170 AD3d 902, 903). However, the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was "exceptional" (Guidelines at 17; see People v Rodriguez, 170 AD3d at 903).
Further, contrary to the defendant's contention, the fact that he received a score on an alternate risk assessment instrument that placed him in the lowest risk category possible for that alternate instrument was insufficient for a downward departure (see People v Curry, 158 AD3d 52, 61).
The defendant's remaining contentions are raised for the first time on appeal.
Accordingly, the Supreme Court properly designated the defendant a level two sex [*2]offender.
LASALLE, P.J., DILLON, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court