People v Miranda (2022 NY Slip Op 07251)

People v Miranda

2022 NY Slip Op 07251

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-01548

[*1]The People of the State of New York, respondent,
v
Mark Miranda, appellant. Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher Turk and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated January 27, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 85 points on the risk assessment instrument, denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
The Supreme Court properly assessed points under risk factor 3 (number of victims). The People established, by clear and convincing evidence, that the videos and images possessed by the defendant depicted more than three child victims (see People v Negron, 202 AD3d 1113, 1113; People v Kyaw Aung, 202 AD3d 1005, 1006; People v Destio, 145 AD3d 1047, 1048). The defendant's challenge to the assessment of points under risk factor 3 based on a position statement issued by the Board of Examiners of Sex Offenders in 2012 is without merit (see People v Destio, 145 AD3d at 1048; People v Labarbera, 140 AD3d 463, 464).
The defendant identified mitigating factors, including his successful completion of a sex offender treatment program while in prison and his continued weekly participation in sex offender treatment since his release, that may provide a basis for a discretionary downward departure since "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006] [hereinafter Guidelines]; see People v Rodriguez, 170 AD3d 902, 903). However, the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was "exceptional" (Guidelines at 17; see People v Peaks, 207 AD3d 482, 483; People v Feliciano, 205 AD3d 1057, 1058; People v Rodriguez, 170 AD3d at 903).
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court