People v Arroyo (2024 NY Slip Op 05359)

People v Arroyo

2024 NY Slip Op 05359

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-04819

[*1]The People of the State of New York, respondent,
v
James Arroyo, appellant. Patricia Pazner, New York, NY (Anna . Boksenbaum of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Keerthana Nunna of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered June 8, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On August 27, 2015, the defendant was convicted in Florida of three counts of "lewd or lascivious molestation" against a victim 12 through 15 years of age (Fla. Stat. § 800.04[5][c][2]). The defendant subsequently became subject to New York State's Sex Offender Registration Act (Correction Law art 6-C) upon relocating to New York. After a hearing, the Supreme Court assessed the defendant 85 points on the risk assessment instrument (hereinafter RAI), denied his application for a downward departure from the presumptive risk level, and designated him a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Bigelow, 175 AD3d 1443).
The defendant failed to demonstrate that he was entitled to a downward departure due to mitigating circumstances. Lengthy periods of time during which a defendant has been at liberty after the offense are not taken into account by the Guidelines or the RAI (see People v Sotomayer, 143 AD3d 686, 687; People v Abdullah, 31 AD3d 515, 516). Here, however, the defendant failed to establish by a preponderance of the evidence that the time he spent at liberty without reoffense demonstrated that the RAI overstated his risk of reoffense or that he has led an exemplary life such that he was entitled to a downward departure from the presumptive risk level (see People v [*2]Flores-Hernandez, 219 AD3d 1533, 1534; People v Williams, 204 AD3d 710, 711).
Additionally, although an offender's exceptional response to sex offender treatment may qualify as grounds for a downward departure (see People v Santiago, 137 AD3d 762, 764), the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Williams, 204 AD3d at 711; People v Negron, 202 AD3d 1113).
The defendant's close family ties, living situation, and lack of convictions for other sex offenses were adequately taken into account by the Guidelines (see People v Williams, 204 AD3d at 711; People v Baez, 199 AD3d 1027; People v Adams, 174 AD3d 828, 829-830; cf. People v Fisher, 177 AD3d 615).
Further, the fact that the total number of points assessed to the defendant was near the low end of the range for presumptive risk level two did not, by itself, constitute a ground for a downward departure from the presumptive risk level (see People v Canales, 217 AD3d 785, 786).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure from the presumptive risk level and designated him a level two sex offender.
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court