People v Terrell (2025 NY Slip Op 02228)

People v Terrell

2025 NY Slip Op 02228

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
PHILLIP HOM, JJ.

2023-05511

[*1]The People of the State of New York, respondent,
v
Terrance Terrell, appellant.

Salvatore C. Adamo, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Grazia DiVincenzo and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated March 20, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted after a jury trial of criminal sexual act in the first degree, among other crimes. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 85 points on the risk assessment instrument, rendering him a presumptive level two sex offender. The court granted the People's application for an upward departure, denied the defendant's application for a downward departure, and, in an order dated March 20, 2023, designated the defendant a level three sex offender. The defendant appeals.
"An aggravating factor that may support an upward departure from an offender's presumptive risk level is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level calculated on the risk assessment instrument" (People v DeDona, 102 AD3d 58, 68 [internal quotation marks omitted]). "Where the People seek an upward departure, they must demonstrate that there exists an aggravating factor 'of a kind, or to a degree, that is otherwise not adequately taken into account by the [G]uidelines'" (People v Wilkerson, 214 AD3d 683, 684, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "The People must prove the facts in support of the aggravating factor by clear and convincing evidence, and '[o]nce this burden is satisfied, the SORA court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment has resulted in an under-assessment of the offender's actual risk to the public'" (id., quoting People v DeDona, 102 AD3d at 68).
Contrary to the defendant's contention, the County Court providently exercised its discretion in granting the People's application for an upward departure from the presumptive level two designation to a level three designation. The People demonstrated, by clear and convincing evidence, the existence of aggravating factors not adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d 841, 861), including the brutal and severe nature of the defendant's conduct during the commission of the crime where the female victim was assaulted multiple times [*2]by the defendant and his accomplices (see People v Wilkerson, 214 AD3d at 684), and where her companion, the male victim, was physically assaulted and forced to witness at least one of the sexual attacks against the female victim (see People v Bonds, 207 AD3d 666, 667).
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Del-Carmen, 186 AD3d 878, 878, quoting People v Wyatt, 89 AD3d 112, 128). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (id.).
Here, the defendant failed to demonstrate that a downward departure was warranted. The completion of educational programs while in prison is generally insufficient for a downward departure from a defendant's presumptive risk level, since such conduct is taken into account in the points assessment where the defendant is not assessed additional points for conduct while confined (see People v Leung, 191 AD3d 1023, 1023). Moreover, the defendant failed to present evidence demonstrating how his educational accomplishments, if not taken into account by the Guidelines, established a lower likelihood of reoffense or danger to the community (see People v Rucano, 213 AD3d 709, 710).
DILLON, J.P., WOOTEN, FORD and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court