People v Fleming (2025 NY Slip Op 03088)

People v Fleming

2025 NY Slip Op 03088

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-12293

[*1]The People of the State of New York, respondent,
v
Nathaniel Fleming, appellant.

Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Shiry Gaash and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated December 12, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court assessed the defendant 75 points on the risk assessment instrument (hereinafter RAI), denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
The County Court properly assessed points against the defendant on the RAI under risk factor 5, because the People established by clear and convincing evidence that the victim was less than 10 years old, and risk factor 6, as the People presented clear and convincing evidence that the victim was asleep throughout the incident, and therefore was physically helpless (see People v Savino, 222 AD3d 792, 792). Contrary to the defendant's contention, "since the victim's physical helplessness was not the result of, or in any way connected with, her age, assessing points under both risk factors 5 and 6 did not constitute double counting" (People v Smith, 144 AD3d 652, 653; see People v Savino, 222 AD3d at 792; People v Romero, 215 AD3d 773, 773).
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by [the] Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Bigelow, 175 AD3d 1443).
Here, the defendant failed to make the twofold showing with regard to the proffered [*2]mitigating factors of family support (see People v Gavalo, 235 AD3d 785, 786; People v Dockery, 233 AD3d 808, 809-810), being scored a low risk by an alternate assessment instrument (see People v Cangiano, 234 AD3d 885, 886; People v Feliciano, 205 AD3d 1057, 1058), and educational and vocational achievements in prison (see People v Terrell, _____ AD3d _____, _____, 2025 NY Slip Op 02228, *2; People v Vick, 236 AD3d 685, 687).
The defendant demonstrated, by a preponderance of the evidence, an exceptional response to sex offender treatment through, inter alia, multiple assessments from his treatment providers indicating that he had exceeded program expectations and was assisting other offenders to succeed with their treatment (see Guidelines at 17; People v Goldman, 150 AD3d 905, 906-907). Nevertheless, considering the totality of the circumstances, including, among other things, the danger posed to the community should the defendant reoffend in light of his act of not only abusing a child, but perpetuating that abuse by preserving it on video, a downward departure was not warranted to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Goldman, 150 AD3d at 907).
Accordingly, we affirm the order designating the defendant a level two sex offender.
IANNACCI, J.P., CHRISTOPHER, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court