People v Titone (2022 NY Slip Op 05876)

People v Titone

2022 NY Slip Op 05876

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-08373

[*1]People of State of New York, respondent, 
v
Charles Titone, appellant. Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Kathleen Becker Langlan and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Chris Ann Kelley, J.), dated October 22, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the County Court, after a hearing, designated the defendant a level two sex offender based upon the assessment of a total of 90 points. On appeal, the defendant challenges the assessment of points under risk factor 3 (number of victims) and risk factor 7 (relationship with victims), and contends that he is entitled to a downward departure.
Contrary to the defendant's contention, the County Court properly assessed points under risk factors 3 and 7, since the People established by clear and convincing evidence that the child pornography possessed by the defendant depicted images of more than three child victims, and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Smith, 187 AD3d 1228, 1229; People v Bolan, 186 AD3d 1273, 1274; People v Benton, 185 AD3d 1103, 1104-1105; People v Worrell, 183 AD3d 602, 603).
Since the defendant did not request a downward departure from his presumptive risk level in the County Court, his contentions on appeal regarding a downward departure are unpreserved for appellate review (see People v Rodriguez, 194 AD3d 864; People v Eason, 192 AD3d 925, 926; People v Yglesias, 180 AD3d 821, 822-823). In any event, the defendant failed to establish that a downward departure was warranted.
Accordingly, the County Court properly designated the defendant a level two sex offender.
BARROS, J.P., CHAMBERS, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court