People v Pomavilla-Loja (2024 NY Slip Op 04581)

People v Pomavilla-Loja

2024 NY Slip Op 04581

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LILLIAN WAN, JJ.

2022-02662

[*1]The People of the State of New York, respondent,
v
Edison Pomavilla-Loja, appellant. 

James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Meghan Garvey of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Larry J. Schwartz, J.), entered March 30, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court, after a hearing, designated the defendant a level two sex offender. On his appeal from that order, the defendant contends that a downward departure from his presumptive risk level is warranted. The defendant's contention that he is entitled to a downward departure based on purported mitigating factors is unpreserved for appellate review because he did not request a downward departure at the SORA hearing (see People v Titone, 209 AD3d 888, 889; People v Jackson, 209 AD3d 881, 882). In any event, the defendant failed to establish that a downward departure is warranted.
Accordingly, the County Court properly designated the defendant a level two sex offender.
CONNOLLY, J.P., CHAMBERS, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court