People v Pamperien (2024 NY Slip Op 05119)

People v Pamperien

2024 NY Slip Op 05119

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-03891

[*1]The People of the State of New York, respondent,
v
Gary Pamperien, appellant.

Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kim Marie Carson and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated March 22, 2023, which, after a hearing, designated him a level two sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court, after a hearing, assessed the defendant 80 points on the risk assessment instrument, denied his application for a downward departure, and designated him a level two sex offender. The defendant appeals.
Contrary to the defendant's contention, the County Court properly assessed points under risk factors 3 and 7, since the People established by clear and convincing evidence that the child pornography possessed by the defendant depicted images of more than three child victims and that the children in the images were strangers to the defendant (see People v Leone, 225 AD3d 796, 797; People v Titone, 209 AD3d 888, 889).
The County Court also properly denied the defendant's application for a downward departure. Although in some child pornography cases the assessment of points under risk factors 3 and 7 can result in an overassessment of a defendant's level of risk (see People v Gillotti, 23 NY3d 841, 858-860), a downward departure was not warranted under the totality of the circumstances presented in this case, including the number and nature of the images the defendant possessed and the long duration of his conduct (see People v Leone, 225 AD3d at 797; People v Despot, 217 AD3d 690, 691). Here, the defendant failed to meet his burden of establishing the existence of any mitigating factors that would warrant a downward departure.
The defendant's contention that he should not have been designated a sexually violent offender is unpreserved for appellate review and, in any event, without merit (see People v Talluto, 39 NY3d 306, 309).
The defendant's remaining contention need not be reached in light of our determination.
LASALLE, P.J., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court